**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3201
_____

JENNIFER A. MCLAUGHLIN,
Appellant
v.

WALMART
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-22-cv-03272)
District Judge:  Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2024
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, ROTH and RENDELL, <u>Circuit</u> <u>Judges</u>.


(Opinion filed: December 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Jennifer McLaughlin, an assistant store manager at a Pennsylvania Walmart, left her job in 2019.  She later filed a lawsuit claiming that Walmart violated the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  The District Court granted Walmart's motion for summary judgment, finding that McLaughlin voluntarily left her job, thereby suffering no adverse employment action for the purposes of her FMLA and ADA claims, and due to her separation, could not have suffered interference with her FMLA rights.  McLaughlin appealed.  For the reasons that follow, we will affirm the District Court's order.

I.[1]

Jennifer McLaughlin worked for Walmart from November 2012 until October 2019.[2]  She worked as a Front-End Assistant Store Manager at a Boothwyn, Pennsylvania store from 2016 until the time of her separation.  She suffered pelvic injuries in August 2018.

McLaughlin took multiple leaves of absence during her time at Walmart, including several periods of FMLA leave due to her injury and a pregnancy.  Walmart employees

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

McLaughlin provided no fact section in her brief, instead incorporating by reference the facts she pled in her opposition to summary judgment.  But McLaughlin failed to respond to Walmart's statement of undisputed material fact in the District Court.  Therefore, many of these facts come from Walmart's statement of undisputed material facts as they are deemed admitted.  See Fed. R. Civ. P. 56(e)(2); U.S. District Judge John Milton Younge, *Policies and Procedures: General Matters, Civil Cases, and Criminal Cases* 14,

like McLaughlin must request leaves of absence through a third-party leave administrator, which makes the final decision approving or denying leave requests. Walmart employees must also upload supporting medical documentation for the third-party leave administrator's review, when necessary. The third-party leave administrator approved, denied, and asked for supporting medical documentation with respect to McLaughlin's various requests for FMLA and other leave made from December 2016 until the time of her separation.

McLaughlin testified that her supervisors made comments related to her injury at work. When McLaughlin leaned on counters or stacks of boxes as she tried to take pressure off her hip, she claimed that her supervisors remarked "you still got to get things done" and it was "not a good look for our customers." Appendix ("App.") 272. She also claimed that her supervisors refused to accommodate her disability and represented to her

---

https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/youpol.pdf ("Without exception, all facts set forth shall be deemed admitted unless addressed by the opposing party as set forth herein."). McLaughlin also concedes that Walmart's statement of undisputed facts is admitted. We also draw facts from McLaughlin's procedurally improper factual narrative opposing summary judgment. See U.S. District Judge John Milton Younge, supra, at 14 ("Judge Younge requires the parties to file separate statements of material facts (i.e., not simply a factual narration section of a brief) . . . ." (emphasis in original)).

[2] McLaughlin also previously worked at Walmart from March 2009 until she was terminated in December 2010. But this appeal does not concern that period of employment.

that her FMLA leave requests[3] were denied.  McLaughlin stated that her supervisors would often assign her additional work, as well.

McLaughlin eventually signed a job offer letter from Giant Food Stores, LLC ("Giant") on August 31, 2019.  Over a month later, on October 8, she texted her Walmart store manager, "I'd like to give a two week notice, but I can't work it. It's too much on my health. I'll need to stop by and give my keys. Say goodbye to everyone."  App. 210.  She began working at Giant on October 10 — only two days after texting her resignation notice.  On October 21 — twelve days into her new job — McLaughlin texted her Walmart store manager "Was I termed for medical? Or job abandonment?"  App. 383.  Her manager replied, "Health."  App. 383.

McLaughlin timely filed her discrimination claim with the Equal Employment Opportunity Commission on August 9, 2020.  She received her right-to-sue letter on May 19, 2022.  She timely filed her complaint in the District Court, which later granted Walmart's motion for summary judgment.  McLaughlin then timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's grant of summary judgment is plenary.  Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020).  We apply the same standard as the District Court: summary judgment is appropriate only when "there is no genuine dispute as to any

---

[3] It is not clear from McLaughlin's factual narrative in opposition to summary judgment whether her supervisor told her one or two of her FMLA leave requests were denied.

4

material fact and the movant is entitled to judgment as a matter of law." Id. (citing Fed.

R. Civ. P. 56(a)). We view all "the facts in the light most favorable to the nonmoving

party and draw all inferences in that party's favor." Stone v. Troy Constr., LLC, 935

F.3d 141, 147 n.6 (3d Cir. 2019) (quoting Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285,

286 (3d Cir. 2009)).

## III.

McLaughlin brings two types of claims: (1) retaliation claims under the FMLA

and ADA, and (2) an FMLA interference claim.[4] We address these claims in turn.

## A.

Retaliation claims are cognizable under the FMLA and ADA. See Canada v.

Samuel Grossi & Sons, Inc., 49 F.4th 340, 346 (3d Cir. 2022). And they are both

analyzed pursuant to the burden-shifting framework established in McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973) when the plaintiff relies upon circumstantial

evidence of discrimination, like here. See Samuel Grossi & Sons, Inc., 49 F.4th at 346.

Pursuant to this framework, the plaintiff must first establish a prima facie case by

demonstrating "(1) that she engaged in protected employee activity; (2) adverse action by

the employer either after or contemporaneous with the employee's protected activity; and

(3) a causal connection" between the protected activity and the adverse action. Id.

---

[4] McLaughlin also brought an ADA disability discrimination claim that the District Court considered. But she fails to mention this claim in her brief, so we deem it forfeited. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020); Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017).

(cleaned up). The District Court correctly concluded that McLaughlin's claim fails because she has not demonstrated any adverse employment action.

The District Court held that McLaughlin voluntarily resigned from her position at Walmart — as evidenced by her resignation notice, signed Giant offer letter, and new employment — and, therefore, she failed to demonstrate any adverse employment action.[5] McLaughlin argues that her October 21 text message asking "Was I termed for termed for medical? Or job abandonment?" and her manager's reply, "Health," creates a genuine issue of material fact as to whether she resigned or was terminated, defeating summary judgment. App. 383. She writes that "all communications"[6] between her separation date and this text message "can be interpreted to show [she] believes she was terminated. This is in direct contradiction to the statements provided by [her supervisors]. This contradiction creates a genuine issue of material fact that defeats summary judgment." McLaughlin Br. 5 (record citations omitted).

But the District Court correctly noted that the record contained evidence that McLaughlin's supervisors believed and officially documented that she had voluntarily resigned due to health concerns. McLaughlin's subjective belief that she was terminated, without more, is insufficient to create a genuine issue of material fact to defeat summary judgment. See Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016);

---

[5] The District Court also considered whether McLaughlin's voluntary resignation constituted a constructive discharge and rejected this argument. McLaughlin does not mention this issue in her briefs, so we will not address it. See Barna, 877 F.3d at 145-46.

[6] McLaughlin does not refer to or cite any communication other than her October 21 text message.

Jones v. Sch. Dist. of Phila., 198 F.3d 403, 414 (3d Cir. 1999). We therefore will affirm the grant of summary judgment as to the retaliation claims.

B.

The FMLA entitles eligible employees to up to "12 workweeks of leave during any 12-month period" due to an employee's "serious health condition." 29 U.S.C. § 2612(a)(1)(D). The act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. Id. § 2615(a)(1); see also Ross v. Gilhuly, 755 F.3d 185, 191 (3d Cir. 2014). An FMLA plaintiff bringing an interference claim must establish that

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

Gilhuly, 755 F.3d at 191-92.

The District Court correctly granted summary judgment to Walmart on this claim. McLaughlin argues (in one paragraph) that her alleged termination and her supervisor's comments that her leave request was denied demonstrate FMLA interference. But McLaughlin has not demonstrated that she was denied any FMLA benefit. She resigned and began her new job at Giant before the third-party leave administrator received her FMLA leave request, giving it no opportunity to approve or deny it. Specifically, the undisputed facts show that McLaughlin texted her resignation notice to her supervisor eight days before and separated from Walmart two days before the third-party leave administrator received her FMLA leave request on October 16. The leave administrator

7

therefore never processed the FMLA request because McLaughlin's employment had ended.

Her supervisor's comment that the FMLA leave requests were denied cannot constitute a denial of FMLA benefits because Walmart's third-party leave-administrator — not her supervisor — made the final decisions concerning leave requests. As a longtime Walmart employee and manager familiar with the leave policy, McLaughlin had interacted with the third-party leave administrator numerous times, belying her dubious and unsupported argument that she "reasonably believed that her supervisor would have knowledge about the claim being denied." McLaughlin Br. 6. And the supervisor's comments about leave denial seemingly did not discourage her from requesting FMLA leave in any event, since she made the request to the third-party administrator after the supervisor's comments. We therefore will affirm the grant of summary judgment as to the FMLA interference claim.

## IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment against McLaughlin and in favor of Walmart.